UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMIEN LABEAUD | * | |
| | * | CIVIL ACTION NO.: 2:12-cv-02044 |
| VERSUS | * | |
| | * | JUDGE SARAH S. VANCE |
| GREAT WEST CASUALTY | * | |
| COMPANY, RUSSELL OBERG, | * | MAG. JUDGE ALMA L. CHASZ |
| R-STAR LOGISTICS, GREGORY | * | |
| SPINA, STATE FARM MUTUAL | * | |
| AUTOMOBILE INSURANCE | * | |
| COMPANY | * | |

* * * * * * * * * * * * * *

### ANSWER AND DEMAND FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel comes the defendant, Great West Casualty Company ("defendant"), who for answer to the plaintiff's Petition for Damages respectfully avers as follows:

### FIRST DEFENSE

The plaintiff's Petition for Damages fails to state a cause of action against defendant upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's Petition for Damages against defendant is barred by prescription and/or laches.

## THIRD DEFENSE

1.

The allegations of paragraphs 2, 3, 4, 5 and 7 of the plaintiff's Petition for Damages are denied.

2.

The allegations of paragraphs 1 and 8 of the plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 6 of the plaintiff's Petition for Damages are denied as written except to admit that Great West Casualty Company provided a policy of insurance to its insured, and denies any allegations which tend to contradict, contravene, enlarge or otherwise vary the terms, conditions, limitations or exclusions of said policy, averring that the contract of insurance is the best evidence of the coverage, if any, afforded herein.

4.

All unnumbered and misnumbered paragraphs, as well as any and all allegations of the preamble and prayer for relief, and all allegations claiming negligence and liability on the part of the defendant, and all allegations not specifically answered herein are denied.

## FOURTH DEFENSE

The defendant avers that it had no responsibility or liability for the damages complained of, and that the alleged accident occurred under circumstances over which it was not required to exercise control or supervision.

## FIFTH DEFENSE

The alleged damages, if any, made the subject of this lawsuit were caused solely and entirely by the plaintiff's own negligence. Alternatively, if there was negligence on the part of anyone other than the plaintiff in any way constituting a proximate cause of the alleged injuries, if any, made the subject of this lawsuit, such negligence was that of person(s) or parties other than the defendant, or persons for whom the defendant is or was not responsible.

## SIXTH DEFENSE

In the alternative, and only in the event that the plaintiff establishes both negligence and liability on the part of defendant, which is denied, then the defendant alternatively avers that the plaintiff was contributorily and/or comparatively negligent and that recovery herein is defeated and/or mitigated.

## SEVENTH DEFENSE

The defendant is entitled to and demands a trial by jury on all issues herein.

## EIGHTH DEFENSE

Alternatively, if there was negligence and/or fault on the part of anyone other than the plaintiff in any way constituting a proximate cause of the alleged injuries, if any, made the subject of this lawsuit, such negligence was that of persons or parties other than the defendant, or persons for whom this defendant is or was not responsible.

## NINTH DEFENSE

The defendant specifically avers that the plaintiff has failed to mitigate his damages herein.

### TENTH DEFENSE

The defendant specifically pleads the affirmative defenses enumerated in Louisiana Civil Code Article 1005.

### ELEVENTH DEFENSE

The defendant avers that the plaintiff and/or other persons or parties for whom this defendant is or was not responsible had the last clear chance to avoid the alleged accident and failed to do so.

### TWELFTH DEFENSE

The defendant avers that the alleged accident and/or injuries were the result of superceding and/or intervening causes for which this defendant is or was not responsible.

### THIRTEENTH DEFENSE

The defendant alternatively avers that the alleged accident and/or injuries were the result of a sudden emergency.

### FOURTEENTH DEFENSE

Alternatively, in the event that it is determined that the plaintiff did not carry minimum insurance coverage as required by the law of the State of Louisiana, the defendant avers that La. R.S. 32:866 bars recovery of the first $15,000.00 of the plaintiff's bodily injury claim and the first $25,000.00 of the plaintiff's property damage claim.

**WHEREFORE,** the defendant prays that its Answer be deemed good and sufficient, that it receive a trial by jury on all issues herein, and that after due proceedings are had, there be judgment rendered in its favor and against the plaintiff, Damien Labeaud, dismissing his Petition

for Damages, with prejudice, at his cost and for all other general and equitable relief to which the defendant may be deemed entitled by this Court.

          Respectfully submitted,

          **CHOPIN, WAGAR, RICHARD & KUTCHER, LLP**

By: _____
          **BRADLEY J. LUMINAIS, JR. (# 28663)**
          **BRITTANY M. COURTENAY (# 31846)**
          Two Lakeway Center - Suite 900
          3850 North Causeway Boulevard
          Metairie, Louisiana 70002
          Telephone: (504) 830-3838
          *Attorneys for Defendant, Great West Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___14th___ day of August, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

          *s/ Bradley J. Luminais, Jr.*
          **BRADLEY J. LUMINAIS, JR.**